## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| HARRYLAL NAITHRAM | * | |
| 5303 LANHAM STATION ROAD | * | |
| LANHAM, MARYLAND 20706 | * | |
| | * | |
| Plaintiff | * | Case No: |
| | * | |
| v. | * | |
| | * | |
| FCA US LLC | * | |
| F/K/A | * | |
| CHRYSLER GROUP, LLC | * | |
| 1000 CHRYSLER DRIVE | * | |
| AUBURN HILLS, MICHIGAN 48326 | * | |
| | * | |
| | * | PRAYER FOR JURY TRIAL |
| Serve On: | * | |
| | * | |
| THE CORPORATION TRUST, | * | |
| INCORPORATED | * | |
| 2405 YORK ROAD | * | |
| SUITE 201 | * | |
| LUTHERVILLE TIMONIUM MD | * | |
| 21093-2264 | * | |
| | * | |
| Defendant | * | |

---

## COMPLAINT

Plaintiff Harrylal Naithram, by Jane Santoni and Santoni, Vocci & Ortega, his

attorneys, sues Defendant FCA US, LLC (hereinafter referred to as "Chrysler"). Plaintiff

states:

**Parties**

1.      Harrylal Naithram is an adult citizen of the State of Maryland, residing at 5303 Lanham Station Road, Lanham, Maryland 20706.

2.      Defendant Chrysler is a corporation with its principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan 48326. At all times relevant hereto, Defendant Chrysler transacted substantial business in the State of Maryland and contracted to supply manufactured products in the State of Maryland, out of which business Plaintiff's cause of action arose.

**Jurisdiction**

3.      This Court has jurisdiction pursuant to 15 U.S.C. §1332. In addition, the Court may elect to retain supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 since those claims are so related to the federal claims asserted herein that they form part of the same case and controversy.

**Facts**

4.      Darcars Chrysler Jeep Dodge of Rockville and Adams of Annapolis are authorized dealers, repair facilities and agents of Defendant Chrysler. These entities were acting within the scope of that agency at all times during the transactions describe in this Complaint.

5.      On or about February 12, 2016, Harrylal Naithram ("Plaintiff") purchased a new 2015 Jeep Renegade, VIN #XXXXXXXXXXX21366, from Defendant's authorized dealer, Darcars Chrysler Jeep Dodge of Rockville, for a cash price of $28,917.70.  The 2015 Jeep Renegade purchased by Plaintiff was manufactured by

Defendant Chrysler.  Plaintiff used the vehicle for personal, family or household purposes.

6.      Approximately four months after purchase, Mr. Naithram began having serious problems with the vehicle, including but not limited to the following: malfunction of the radio telematics gateway module, bcm failure, brake and parking brake problems, problems with Bluetooth connections, the vehicle going into limp mode rpms, 911 assist not working, a burning smell inside the car cabin, static reverse screen, real door lock failure, low tire pressure light malfunction, electronic stability light malfunction, electronic throttle failure, unavailability of the remote start stop, the check engine light on, and thermostat failure.

7.      Prior to 24 months after delivery of the vehicle, and before the vehicle had been driven 18,000 miles, the vehicle had been in the shop more than 4 times for the same problems and more than 30 days for any number of problems, including those listed above.  The dates are as follows:

   a.  August 2, 2017 - 14,933 miles (Repair at Adams of Annapolis)

   b.  April 7, 2017 – 11,715 miles (Repair at Adams of Annapolis)

   c.  February 2, 2017 – 9,210 miles (Repair at Adams of Annapolis)

   d.  January 4, 2017 – 8,233 miles (Repair at Darcars Chrysler Jeep Dodge of Rockville.)

   e.   December 2, 2016 – 6,559 miles (Repair at Darcars Chrysler Jeep Dodge of Rockville.)

   f.   October 31, 2016 – 6,557 miles (Repair at Darcars Chrysler Jeep Dodge of Rockville.)

3

g.   September 16, 2016 – 5,591 miles (Repair at Darcars Chrysler Jeep Dodge of Rockville.)

h.   July 22, 2016 – 4,369 miles (Repair at Darcars Chrysler Jeep Dodge of Rockville.)

i.   June 27, 2016 – 3,700 miles (Repair at Darcars Chrysler Jeep Dodge of Rockville.)

8.   In November 2016 Plaintiff contacted Defendant by phone to put it on notice of the problems, and to demand a fix.  As a result of this, there were numerous discussions between the parties, but there was no resolution and the vehicle problems remained.

9.   On April 25, 2017, Plaintiff sent a certified letter to Defendant pursuant to Md. Code Ann., Com. Law §14-1502, detailing the problems and demanding that he be contacted regarding a fix.

10.   Despite this, Defendant did not respond, and the vehicle remained unfixed.

11.   When Defendant failed to respond, Plaintiff sought help from Maryland's Attorney General's office, which also contacted Defendant.

12.   Despite these efforts, the vehicle remains unfixed.  Its manufacturing defects, as set forth above, substantially affect the use and marketability of the vehicle.

13.   Plaintiff made numerous attempts to resolve this prior to filing suit but were unable. The matter remains unresolved and Plaintiff's damages continue to increase.

4

## COUNT I

### Maryland Automotive Warranty Enforcement Act
### "Lemon Law"

14.     Plaintiff hereby incorporate all facts and allegations set forth in this

Complaint by reference as if fully set forth at length herein.

15.     Plaintiff is a "consumer" as defined by Md. Code Ann., Com. Law. §14-

1501(b).

16.     Defendant Chrysler is a "manufacturer" as defined by Md. Code Ann.,

Com. Law §14-1501(d).

17.     On or about February 12, 2016, Plaintiff took possession of the above-

mentioned vehicle and experienced nonconformities as defined by Md. Code Ann., Com.

Law §14-1502, which substantially impair the use and market value of the vehicle.

18.     The nonconformities described violate the express written warranties

issued to Plaintiff by Defendant.

19.     Md. Code Ann., Com. Law §14-1502(c) of the Maryland Automotive

Warranty Enforcement Act, ("Lemon Law") provides:

> (1) If, during the warranty period, the manufacturer of factory branch, its
> agent, or its authorized dealer, is unable to repair or correct any defect or
> condition that substantially impairs the use and market value of the motor
> vehicle to the consumer after a reasonable number of attempts, the
> manufacturer or factory branch, at the option of the consumer, shall:
>
> > (i) Replace the motor vehicle with a comparable motor vehicle
> > to the consumer; or
> >
> > (ii) Accept return of the motor vehicle from the consumer and
> > refund to the consumer the full purchase price including all license
> > fees, registration fees, and any similar governmental charges, less
> > A reasonable allowance for the consumer's use of the vehicle not
> > to exceed 15 percent of the purchase price; and A reasonable
> > allowance for damage not attributable to normal wear but not to

include damages resulting from a nonconformity, defect, or condition.

20.     Md. Code Ann., Com. Law §14-1502(d) of the Maryland Lemon Law provides a presumption of a reasonable number of repair attempts if:

(1) The same nonconformity, defect, or condition has been subject to repair 4 or more times by the manufacturer or factory branch, or its agents or authorized dealers, within the warranty period but such nonconformity, defect, or condition continues to exist; [or]

(2) The vehicle is out of service by reason of repair of 1 or more nonconformities, defects or condition for a cumulative total of 30 or more days during the warranty period.

21.     Plaintiff has satisfied the above definition as the vehicle has been subject to repair more than four (4) times for the same nonconformity, and the nonconformity remains uncorrected.

22.     In addition, the above vehicle has been out-of-service by reason of the nonconformities complained of for a cumulative total of thirty (30) or more calendar days.

23.     Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the Defendant on numerous occasions as outlined above.

24.     After a reasonable number of attempts, Defendant was unable to repair the nonconformities.

25.     The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety.

26.     Plaintiff has and will continue to suffer damages due to Defendant's failure to comply with the provisions of Md. Code Ann., Com. Law §14-1502.

27.     Pursuant to Md. Code Ann., Com. Law §14-1502, Plaintiff seeks relief for losses due to the vehicle's nonconformities, including the award of reasonable attorneys' fees and all court costs.

WHEREFORE, Plaintiff respectfully demands relief and payment in accordance with the statutes stated above, including but not limited to an amount in excess of $75,000 plus attorneys' fees and costs.

## COUNT II

## MAGNUSON-MOSS (FTC) WARRANTY ACT

28.     Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

29.     Plaintiff is a "consumers" as defined by 15 U.S.C. §2301(3).

30.     Defendant is a "supplier", "warrantor", and/or a "service contractor" as defined by 15 U.S.C. §2301 (4), (5), and (8).

31.     The subject vehicle is a "consumer product" as defined by 15 U.S.C. §2301(1).

32.     By the terms of its written warranties, affirmations, promises, or service contracts, Defendant agreed to perform effective repairs at no charge for parts and/or labor.

33.     The Magnuson-Moss Warranty Act requires Defendant to be bound by all warranties implied by state law.  Said warranties are imposed on all transactions in the date in which the vehicle was delivered.

34.     Defendant has made attempts on several occasions to comply with the terms of its express warranties; however, such repair attempts have been ineffective.

35.     The Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(2) provides:

(2)If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based upon actual time extended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

36.     Plaintiff has offered Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

37.     As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

38.     Defendant's failure is a breach of Defendant's contractual and statutory obligations constituting a violation of the Magnuson-Moss Warranty Act, including but not limited to: breach of express warranties; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; breach of contract; and constitutes an Unfair Trade Practice.

39.     Plaintiff avers that upon successfully prevailing upon his Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

WHEREFORE, Plaintiff respectfully demands relief and payment in accordance with the statutes stated above, including but not limited to an amount in excess of $75,000 plus attorneys' fees and costs.

## COUNT III

## MARYLAND CONSUMER PROTECTION ACT

40.     Plaintiff hereby incorporates all facts and allegations set forth in this

Complaint by reference as if fully set forth at length herein.

41.     Plaintiff is a "consumer" as defined by Md. Code Ann., Com. Law §13-

101(c).

42.     Defendant is a "merchant" as defined by Md. Code Ann., Com. Law §13-

101(g) and "person" as defined by Md. Code Ann., Com. Law §13-101(h).

43.     The subject vehicle is a "consumer good" as defined by Md. Code Ann.,

Com. Law §13-101(d).

44.     The Code defines "consumer goods" as goods which are primarily for

personal, household, family, or agricultural purposes.

45.     Md. Code Ann., Com. Law §13-301(14)(xi) provides that a violation of

Maryland's Lemon Law shall be considered an unfair and deceptive trade practice.

46.     In addition, the Maryland Consumer Protection Act, Md. Code Ann.,

Com. Law §13-301 defines "unfair or deceptive trade practices" as:

>  (1) False, falsely disparaging, or misleading oral or written
>  statement, visual descriptions or other representation of any kind
>  which has the capacity, tendency, or effect of deceiving or
>  misleading consumers;
>
>  (2) Representation that:
>
>  >  (i)Consumer goods, consumer realty, or consumer services
>  >  have a sponsorship, approval, accessory, characteristic,
>  >  ingredient, use, benefit, or quantity which they do not have;
>  >
>  >  (ii)A merchant has a sponsorship approval, status,
>  >  affiliation, or connection which he does not have;

(iii) Deteriorated, altered, reconditioned, reclaimed, or secondhand consumer goods are original or new; or

(iv) Consumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not;

(7) Knowingly false statement that a service, replacement, or repair is needed.

47.    Plaintiff avers that Defendant has violated these, as well as other provisions, of Md. Code Ann., Com., Law §13-301, *et seq*.

48.    Defendant's conduct surrounding the sale and servicing of the subject vehicle falls within the aforementioned definitions of "unfair or deceptive trade practices."

49.    Md. Code Ann., Com. Law §13-408(a) authorizes consumers to bring an action to recover for injury or loss sustained by them as the result of a practice prohibited by the Consumer Protection Act.

50.    Md. Code Ann., Com. Law §13-408(b) further allows consumers who are awarded damages to seek reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully demands relief and payment in accordance with the statutes stated above, including but not limited to an amount in excess of $75,000 plus attorneys' fees and costs.

/s/ Jane Santoni
Jane Santoni #05303
Santoni, Vocci & Ortega, LLP
401 Washington Avenue, Ste. 200
Towson, MD 21204
443-921-8161(phone)
410-525-5704(fax)
jsantoni@svolaw.com
*Attorney for Plaintiff*

### NOTICE OF ATTORNEY FEES REQUEST

Plaintiff gives notice that he intends to request attorneys' fees pursuant to statutes.

/s/ Jane Santoni\
Jane Santoni #05303\
Santoni, Vocci & Ortega, LLP\
401 Washington Avenue, Ste. 200\
Towson, MD 21204\
443-921-8161(phone)\
410-525-5704(fax)\
jsantoni@svolaw.com\
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| HARRYLAL NAITHRAM | * | |
| 5303 LANHAM STATION ROAD | * | |
| LANHAM, MARYLAND 20706 | * | |
| | * | |
| Plaintiff | * | Case No: |
| | * | |
| v. | * | |
| | * | |
| FCA US LLC | * | |
| F/K/A | * | |
| CHRYSLER GROUP, LLC | * | |
| 1000 CHRYSLER DRIVE | * | |
| AUBURN HILLS, MICHIGAN 48326 | * | |
| | * | |
| | * | PRAYER FOR JURY TRIAL |
| Serve On: | * | |
| | * | |
| THE CORPORATION TRUST, | * | |
| INCORPORATED | * | |
| 2405 YORK ROAD | * | |
| SUITE 201 | * | |
| LUTHERVILLE TIMONIUM MD | * | |
| 21093-2264 | * | |
| | * | |
| Defendant | * | |

## PRAYER FOR JURY TRIAL

Plaintiff requests that the above captioned case be tried before a jury.

/s/ Jane Santoni_____
Jane Santoni #05303
Santoni, Vocci & Ortega, LLP
401 Washington Avenue, Ste. 200
Towson, MD 21204
443-921-8161(phone)
410-525-5704(fax)
jsantoni@svolaw.com
*Attorney for Plaintiff*